IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELLIS JEROME LARD,
# 10137-026,

**Petitioner,**

    vs.                                      Case No. 14-cv-774-DRH

JAMES N. CROSS,

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Ellis Lard, an inmate who is currently confined in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner claims that he has completed his 210-month sentence but remains incarcerated with violent criminals at FCI-Greenville (Doc. 1, pp. 2-3). *See United States v. Lard*, Case No. 94-cr-40009 (C.D. Ill. 1994). He also claims that he was stabbed at the Federal Correctional Institution in Terre Haute, Indiana ("FCI-Terre Haute"), prior to his transfer to FCI-Greenville (Doc. 1, p. 3). He asks for "help." Petitioner seeks no other form of relief. For the reasons set forth below, the petition shall be **DISMISSED**.

    This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district

judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## I. Background

Petitioner pleaded guilty in 1994 to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). *See United States v. Lard*, Case No. 94-cr-40009 (C.D. Ill. 1994) ("criminal case").[1] He was sentenced under the Armed Career Criminal Act to 210 months of imprisonment, followed by 60 months of supervised release. Petitioner was released from prison following the completion of his 210-month sentence. Soon thereafter, he was arrested for selling cocaine, and his supervised release was revoked on September 28, 2012 (Doc. 74, criminal case). Petitioner was re-incarcerated for five years. *Id.*

Petitioner filed a notice of appeal on October 10, 2012 (Doc. 76, criminal case). *See United States v. Lard*, Appeal No. 12-3314 (7th Cir. 2012). However, his court-appointed attorney contended that the appeal was frivolous and filed a motion to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967). *See id.* (Doc. 9). Petitioner did not respond to the motion. The Seventh Circuit

---

[1] In order to determine petitioner's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

granted the attorney's motion to withdraw and dismissed the appeal on April 25, 2013.[2] *See United States v. Lard*, 526 Fed. App'x 671 (7th Cir. 2013).

## II. Habeas Petition

According to the instant petition, petitioner has completed his 210-month sentence, but he remains in detention. Petitioner claims that he is confined at FCI-Greenville with violent criminals, despite the fact that he was not convicted of a violent crime (Doc. 1, p. 2). Petitioner goes on to state that "they have my custody level at medium with 22 points and I only have 10th Crim Hist points and I'm first time federal convicted inmate with a none violence crime" (Doc. 1, p. 3). Petition also points out that he was stabbed during his prior incarceration at FCI-Terre Haute. He now seeks "help" (Doc. 1, p. 3).

## III. Discussion

Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. However, it is not altogether clear why he filed the petition or what relief he is seeking. Petitioner does not raise any specific claim. The petition includes no request for relief, beyond a generalized request for "help" in the body of the petition (Doc. 1, p. 3).

---

[2] On February 14, 2014, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. *See Lard v. Oliver, et al.*, Case No. 14-cv-00038 (S.D. Ind. 2014). In the petition, he asserted a single argument, i.e., his offense involved "no victim." After finding that the petition contained no suggestion that petitioner was confined in violation of the laws, treaties, or Constitution of the United States, the district court dismissed the petition on February 26, 2014 (Doc. 4). On April 23, 2014, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, raising the same argument. *See Lard v. United States*, Case No. 14-cv-04041 (C.D. Ill. 2014) (Doc. 1, p. 4). The § 2255 motion is still pending.

At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute--in this case 28 U.S.C. § 2241--is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn v. Conley,* 309 F.3d 1002, 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

Petitioner has not invoked the correct statute, by bringing this action pursuant to 28 U.S.C. § 2241. Petitioner neither claims that his custody is unlawful nor explicitly requests release—either in the form of outright freedom or under supervision. He merely states that he served his original 210-month

sentence and remains confined during the period that was originally designated for supervised release. These statements constitute nothing more than background information. Petitioner's current confinement resulted from the revocation of his supervised release, following the completion of his sentence, his release from imprisonment, and his subsequent arrest for selling cocaine (Doc. 74, criminal case). Petitioner does not take issue with the revocation of his supervised release, which he has already challenged unsuccessfully on appeal. *See United States v. Lard*, 526 Fed. App'x 671 (7th Cir. 2013).

Petitioner instead seems to challenge the conditions of his confinement. He complains that he is currently confined with violent offenders at FCI-Greenville. Petitioner explains that he is not a violent offender. He also mentions being stabbed at FCI-Terre Haute, where he was previously confined. Taken together, the allegations suggest that petitioner is seeking placement in a less threatening environment, either at FCI-Greenville or a lower security facility. He may also wish to bring a claim related to his alleged stabbing. Petitioner's remedy, if any, lies in an action brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, the Court makes no comment on the merits of a *Bivens* claim. The Court is unable to provide relief in this habeas action, and the petition shall be dismissed.

While courts sometimes construe a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner

would face obstacles under the Prison Litigation Reform Act. *See generally* 28 U.S.C. § 1915. Therefore, this habeas corpus action is **DISMISSED** without prejudice to petitioner pursuing relief in a complaint filed under *Bivens*.

## IV.  Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the habeas petition is **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that petitioner's pending motion to appoint counsel (Doc. 2) is hereby **DENIED** as **MOOT**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[3] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability.

---

[3] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

*Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   July 30, 2014**

Digitally signed by
David R. Herndon
Date: 2014.07.30
14:29:04 -05'00'

**Chief Judge**
**United States District Court**